# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RAUL CASAREZ,

        Defendant.

Case No.: 2:17-cr-00113-KJD-GWF

**FINDINGS & RECOMMENDATIONS**

**Re: Motion to Dismiss (ECF No. 27)**

This matter is before the Court on Defendant Raul Casarez's Motion to Dismiss Count Two (ECF No. 27), filed on May 19, 2017. The Government filed its Response (ECF No. 31) on June 2, 2017 and Defendant filed his Reply (ECF No. 35) on June 9, 2017. The Court conducted a hearing on June 14, 2017.

## **BACKGROUND AND DISCUSSION**

Count One of the indictment charges Defendant Raul Casarez with carjacking in violation of 18 U.S.C. §§ 2119 and 2. Count Two charges him with the use of a firearm during and in relation to a crime of violence in violation of 18 U.S. § 924(c)(1)(A) and 2. *Indictment* (ECF No. 20). Defendant argues that Count Two should be dismissed because the offense defined in 18 U.S.C. § 2119 does not constitute a crime of violence within the meaning of 18 U.S. § 924(c)(1)(A).

18 U.S.C. § 2119 states that "[w]hosoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so shall— (1) be fined under this title or imprisoned not more than 15 years, or both." This offense is

commonly referred to as "carjacking."

18 U.S.C. § 924(c)(1)(A) imposes an additional, consecutive term of imprisonment for the use of a firearm during the commission of a crime of violence. 18 U.S.C. § 924(c)(3) defines a "crime of violence" as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and —
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subparagraph (A) is referred to as the "force clause" or "elements clause." Subparagraph (B) is referred to as the "residual clause."

Defendant argues that carjacking is not a crime of violence under the force clause because it can be committed by intimidation which does not require the use, attempted use, or threatened use of physical force against the person or property of another.

In determining whether a particular crime constitutes a crime of violence under 18 U.S.C. § 924(c)(1)(A), the court applies the categorical approach, or in appropriate circumstances the modified categorical approach, to determine whether the elements of the predicate crime satisfy the definition of a "crime of violence." *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243, 2248-49 (2016). Although the Third Circuit and district courts in other circuits[1] have stated that the categorical approach should not be used in determining whether a predicate offense qualifies as a crime of violence under 18 U.S.C. § 924(c), "the Ninth Circuit has consistently held that the categorical analyses apply to § 924(c) crime-of-violence determinations both at trial and at sentencing 'without regard to whether the given offense is a prior offense or the offense of conviction.'" *United States v. Smith*, 2016 WL 2901661, *3 (D.Nev. May 18, 2016) (citing *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); and *United States v. Mendez*, 992 F.2d 1488, 1489 (9th

---

[1] *See United States v. Robinson*, 844 F.3d 137, 141-42 (3rd Cir. 2016) and *United States v. Hernandez*, 2017 WL 11730, *2– 3 (D. Maine Jan. 11, 2017).

Cir. 1993)). *See also United States v. Watson*, 2016 WL 866298, *6 n. 4 (D. Hawaii March 2, 2016) and *United States v. Bell*, 2016 WL 344749, *2 (N.D.Cal. Jan. 28, 2016).

The Supreme Court and Ninth Circuit have not decided whether carjacking in violation of 18 U.S.C. § 2119 is categorically a crime of violence under § 924(c)(3)'s force clause. In *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990), however, the court held that bank robbery under 18 U.S.C. § 2113(a), which may be committed by "force and violence, or by intimidation," qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses a nearly identical definition of crime of violence as § 924(c)(3)(A). *Selfa* explained that "intimidation" means "willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." *Id.* at 751. In *United States v. Howard*, 650 Fed.Appx. 466, 5468 (9th Cir. 2016), *as amended* (June 24, 2016), the court relied on *Selfa* in holding that Hobbs Act robbery, which may be committed "by means of actual threatened force, or violence, or fear of injury, immediate or future," constitutes a crime of violence within the meaning of § 924(c)(3)'s force clause. In rejecting the defendant's argument that putting someone in fear of injury, does not necessarily involve the use, attempted use or threatened use of physical force, the court relied on *Selfa*. The court stated that because bank robbery by "intimidation" — which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as a crime of violence. *Id.* In *United States v. Jordan*, 2017 WL 975980, at *1 (9th Cir. March 14, 2017), the court, applying the plain error doctrine, stated that "[u]nder our current case law, § 2113(a) bank robbery categorically qualifies as a 'crime of violence' under § 924(c)(3)(A). The court cited *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) and *Selfa*, 918 F.2d at 751. The court also stated that "*Johnson v. United States*, 559 U.S. 133 (2010), *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Mathis v. United States*, 136 S.Ct. 243 (2016), have not so clearly displaced our earlier precedents as to warrant plain error reversal." *Id.*

In *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017), the Fourth Circuit held that carjacking is a crime of violence within the meaning of § 924(c)(3)(A). The court stated:

> Our analysis whether the federal crime of carjacking is a crime of violence for purposes of Section 924(c) is governed directly by our recent decision in *McNeal*, [818 F.3d 141(4th Cir. 2016]. There, we considered the question whether the federal crime of bank robbery was a "crime of violence" as defined by the force clause of Section 924(c)(3), thereby

3

> subjecting the defendant to punishment under Section 924(c) for using a firearm in the commission of bank robbery. *See id.* at 151-57.
>
> The bank robbery statute at issue in *McNeal* contained the required element that the property in question be taken "by force and violence, or by intimidation." 18 U.S.C. § 2113. This phrase in the federal bank robbery statute is substantially identical to the specific phrase in Section 2119. . . . We held in *McNeal* that the term "intimidation," as used in the federal bank robbery statute, required the threatened use of physical force, and that, therefore, the federal crime of bank robbery categorically qualified as a crime of violence under the force clause of Section 924(c)(3). . . .
>
> Our decision in *McNeal* relied on "straightforward" holdings employed by two of our sister circuits, which have concluded that the crime of carjacking under Section 2119 is a crime of violence. *McNeal*, 818 F.3d at 153 (citing *United States v. Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994); *United States v. Mohammed*, 27 F.3d 815, 819 (2d Cir. 1994)). In *Moore*, the Eleventh Circuit held that "carjacking is always and without exception a crime of violence," 43 F.3d at 573, and in *Mohammed*, the Second Circuit held that "it is clear that a violation of . . . the carjacking statute[] is a crime of violence," 27 F.3d at 819.

848 F.3d at 247.

The court further stated that it was not aware of any case in which a court has interpreted the term "intimidation" in the carjacking statute as meaning anything other than a threat of violent force. *Id.* (citing *In re Smith*, 829 F.33d 2276, 128 (11th Cir. 2016)). "The act of taking a motor vehicle 'by force and violence' requires the use of violent physical force, and the act of taking a motor vehicle by 'intimidation' requires the threatened use of such force." *Id.* The Fifth Circuit has also adopted this interpretation. *See United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) ("Our own precedent, although in the bank robbery context, leads us to conclude that a taking 'by force and violence, or by intimidation' is a 'crime of violence' under § 924(c)(3)(A)."). The court stated that to hold otherwise would create a circuit split for which it saw no reason. *Id*.

In *United States v. Bates*, 2017 WL 2230335 (D.Nev. May 22, 2017), the court also rejected the argument that carjacking is not a crime of violence under § 924(c)(3)(A). The court, in particular, rejected the argument that "federal carjacking can be committed with de minimus force, which is not enough to be 'violent force.'" The court agreed with the weight of authority that finds this argument "wholly unavailing." *Id.* at *3 (citing *United States v. Johnson*, 216 WL 7223264, at *3 (C.D. Cal. Dec. 12, 2016); *United States v. Casas*, 2017 WL 1008109, at *3 (S.D.Cal. Mar. 14, 2017); *United States v.*

*Bailey*, 2016 WL 3381218, at *4-5 (C.D. Cal. June 8, 2016); *United States v. Lenzy*, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); and *United States v. Williams*, 1796 F.Supp.3d 141, 151-52 (D. Me. 2016)). To prevail on the de minimus force argument, the defendant must demonstrate that there is a "realistic probability, not a theoretical possibility" that the predicate offense can be committed with de minimus use of force. The defendant must be able to point to his own case or other cases in which courts, in fact, have applied the statute in such a manner. *Bates*, 2017 WL 2230335 at *3 (citing *Moncrieffe v. Holder* 133 S.Ct. 1678, 1685 (2013) and *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Neither in *Bates* or in this case, have defendants demonstrated that carjacking can be committed by use of de minimis force or the threat of de minimus force.

## CONCLUSION

The offense of carjacking under 18 U.S.C. § 2119 is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A). It is therefore unnecessary to decide whether the residual clause in § 924(c)(3)(B) is unconstitutional. Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant Raul Casarez's Motion to Dismiss Count Two (ECF No. 27) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the

. . .
. . .
. . .
. . .
. . .
. . .

objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 28th day of June, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge