# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

RAUL CASAREZ,

        Defendant.

Case No. 2:17-cr-00113-KJD-GWF

**ORDER**

Presently before the Court is Defendant's Amended Motion in Limine (#64). Plaintiff filed a response (#68) to which Defendant replied (#69).

**I. Background**

On April 12, 2017, the Government charged Defendant in the present action with carjacking in violation of 18 U.S.C. § 2119 and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

On January 1, 2015, Defendant, Defendant's companion Jessica, and an unknown assailant allegedly planned to rob H.K. ("the victim") of any money and drugs he possessed. That night, the three assailants stole several items from the victim, including flat screen televisions and a truck. The Government alleges Defendant possessed a firearm during this

encounter. On April 7, 2016, Henderson detectives presented to the victim a six-pack photographic line-up asking him to identify one of the assailants. The line-up included photographs of Defendant and five other males. The victim identified Defendant as the assailant who possessed the firearm.

In a separate action on February 25, 2015, the Government charged Raul Casarez ("Defendant") with being a felon in possession of a firearm in violation of 18 U.S.C § 992(g), 924(a)(2), and 924(e)(1). This charge resulted from an officer stopping Defendant during the officer's investigation of a non-criminal matter. While attempting to flee from the officer, a firearm fell from Defendant's shirt onto the ground. The officer arrested Defendant twenty minutes later. Defendant moved to suppress the firearm that fell from his shirt, contending that it was illegally obtained because the officer improperly stopped him. This Court found the officer lacked reasonable suspicion and thus violated the Fourth Amendment. Consequently, this Court ordered the firearm suppressed.

Defendant moves to preclude the Government from referencing his history of violence, drug use, and firearm possession, as well as any reference to the suppressed firearm in the previous case. Defendant also contends the Government may not use his prior convictions for impeachment purposes, and that he may impeach Jessica and the victim on their prior convictions. In addition, Defendant moves to preclude the photographic line-up presented to the victim alleging it was impermissibly suggestive.

**II. Legal Standard**

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. U.S., 469 U.S. 38, 40 n.2 (1984). Judges have broad discretion when ruling on motions in limine.

See U.S. v. Castillo, 615 F.2d 878, 886 (9th Cir. 1980). "[E]videntiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." Hawthorne Partners v. AT & T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because a "court is almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

**III. Analysis**

Defendant anticipates the Government will introduce allegedly impermissible evidence at trial. To prevent such conduct, Defendant moves to preclude the Government's reference to: (1) Defendant's prior convictions; (2) a firearm this Court suppressed in a previous case; (3) the victim's identification of Defendant by means of a photographic line-up; and (4) Defendant's contested personal history of violence, drug abuse, and firearm possession. In addition, Defendant argues this Court should permit him to impeach two of the Government's witnesses based on their prior convictions.

A. Evidence of Prior Convictions

Federal Rule of Evidence 609 permits a party to attack a "witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). Defendant invokes Rule 609 to make three assertions: (1) the Government may not use Defendant's prior convictions for impeachment purposes; (2) Defendant may use the victim's prior conviction for impeachment purposes; and (3) Defendant may use Jessica's prior convictions for impeachment purposes. The court addresses each assertion in turn.

*1. Impeachment of Defendant*

Defendant states the Government cannot impeach him based on his prior

convictions. Rule 609 asserts that when a criminal conviction is "punishable by death or by imprisonment for more than one year," evidence of that conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect." Fed. R. Evid. 609(a)(1)(B). A district court uses five factors to determine whether evidence should be admitted under Rule 609(a)(1): "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." U.S. v. Jimenez, 214 F.3d 1095, 1098 (9th Cir. 2000). A court is not required to analyze each factor, but it must be aware of the general requirements. Id.

Defendant's prior convictions are substantially similar to the current charges. When the previous convictions are similar to the crime charged, "there is a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again." U.S. v. Bagley, 772 F.2d 482, 488 (9th Cir. 1985). Here, Defendant's previous convictions are substantially similar to the pending charges of carjacking and use of a firearm during and in relation to a crime of violence.[1] Each prior conviction involves issues in dispute in the present charges. As a result, the Government's use of Defendant's prior convictions for impeachment purposes would likely lead the jury to that impermissible conclusion.

However, this Court permits the Government to use Defendant's prior convictions to impeach by referring to them as "felonies." The Government will be able to go into further

---

[1] Defendant's previous felony convictions include possession of a stolen vehicle, assault with a deadly weapon, felon in possession of a firearm, and robbery.

4

detail about the nature of the convictions if Defendant opens the door to such examination. Nonetheless, the Government must consult this Court before referring to Defendant's prior convictions as anything other than a "felony."

*2. Impeachment of the Victim*

Rule 609(b) applies limits to impeaching a witness with a prior conviction that occurred over ten years ago. Fed. R. Evid. 609(b). Evidence will only be admissible to impeach a witness if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). The party attempting to impeach the witness must "present evidence upon which the district court can make this determination." See U.S. v. Bensimon, 172 F.3d 1121, 1125 (9th Cir. 1999). A district court uses this evidence to "make findings of specific fact and circumstances on the record to support the introduction of the prior conviction." Id.

Defendant has not presented the necessary evidence to show that the probative value of impeaching the victim outweighs the prejudicial effect. Defendant states that he intends to file a motion to compel in order to obtain more information about the victim's prior conviction. Without this information, Defendant lacks specific facts necessary to show the victim's impeachment would be substantially more probative than prejudicial. Therefore, the Court denies Defendant's motion as premature.

*3. Impeachment of Jessica*

Rule 609 permits a party to attack a "witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). When the witness is not a defendant, this evidence "must be admitted, subject to Rule 403, in a civil case or in a criminal case." Fed. R. Evid. 609(a)(1)(A). Defendant will have the opportunity to impeach Jessica with her

prior convictions. This Court has no reason to believe that Jessica's impeachment will violate Rule 403, as the Government did not address this issue in its response. However, the Government will have the opportunity to raise an objection at trial.

### B. Suppressed Firearm

Defendant contends this Court should preclude any reference to the previously suppressed firearm. The exclusionary rule requires that a court suppress evidence obtained in violation of the Fourth Amendment unless an exception applies. U.S. v. Whitson, 587 F.2d 948, 951 (9th Cir. 1978). "In the usual context of a criminal trial, the defendant is entitled to the suppression of, not only the evidence obtained through an unlawful search and seizure, but also any derivative use of that evidence." Calandra, 414 U.S. at 354. An exception exists for the impeachment of a defendant under very specific circumstances: when "the defendant opens the door by reasonably suggesting the line of questioning." U.S. v. Martinez, 967 F.2d 1343, 1347 (9th Cir. 1992); U.S v. Havens, 446 U.S. 620, 627–28 (1980).

In this case, the Government can use the suppressed firearm for impeachment purposes in a limited manner. The Government may only use the suppressed firearm to impeach Defendant if he reasonably suggests the line of questioning in his direct testimony. The Government must receive the express ruling of this Court prior to introducing the suppressed firearm for impeachment purposes.

### C. Photographic Line-Up

Defendant seeks to suppress the victim's identification of him via the photographic line-up, claiming was too suggestive. A district court applies a two-step analysis to determine whether it should suppress a photographic line-up. U.S. v. Love, 746 F.2d 477, 478 (9th Cir. 1984). First, a court determines "whether the procedures used were impermissibly

suggestive." Id. "If so, it must then be determined whether the identification was nonetheless reliable." Id. A court considers five factors to determine whether an identification was reliable: (1) the witness's opportunity to view the accused at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the witness's level of certainty at confrontation; and (5) the period of time between the crime and confrontation. Neil v. Biggers, 409 U.S. 188, 199–200 (1972).

Here, the victim's identification of Defendant via the photographic line-up was not impermissibly suggestive because it does not "give rise to a very substantial likelihood of irreparable misidentification." Simmons v. U.S., 390 U.S. 377, 384. The six individuals in the line-up fit the victim's description of Defendant. All of them were Hispanic males with black hair and a moustache, and looked to be in their early to mid-thirties. Defendant's concerns of dissimilarities between the line-up participants do not raise a substantial likelihood of irreparable misidentification. Therefore, the Court denies Defendant's motion to preclude the victim's past identification of Defendant.

### D. Other Act Evidence

Defendant argues this Court should preclude any evidence of his physical abuse of Jessica, drug abuse, or firearm possession. Rule 404(b) prevents the use of a person's "crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, a party may admit other act evidence violating Rule 404(b) if it is "inextricably intertwined with the crime with which the defendant is charged." U.S. v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995). Other act evidence is inextricably intertwined with the charges under two circumstances: (1) when the other act evidence is part of the single criminal transaction, or (2)

when the other act evidence helps the "prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." Id. at 1012-13.

Defendant anticipates the Government eliciting controversial testimony from Jessica regarding her personal relationship with Defendant. Defendant and Jessica allegedly maintained a volatile relationship, which included incidents of physical abuse and drug use. In addition, Jessica allegedly knew Defendant to carry a firearm during their relationship. Defendant moves to preclude this information at trial because he contends it is inadmissible under Rule 404.

The Government may introduce evidence of Defendant's drug use, violent behavior, and firearm possession, to the extent that it is inextricably intertwined with the current charges. A court considers evidence inextricably intertwined if the Government requires it to "explain . . . the events surrounding the commission of the crime." Id. at 1013. Under certain circumstances, evidence of Defendant's drug use, violent behavior, or firearm possession may be necessary to explain events surrounding the current charges. For instance, the Government may need to elicit testimony regarding the volatile nature of Defendant's relationship with Jessica if Defendant opens up that line of questioning by attacking Jessica's motives. As the introduction of this evidence is substantially fact-specific, this Court can better address Defendant's concerns at trial. Thus, this Court denies Defendant's motion to preclude the Government from introducing evidence of Defendant's drug use, violent behavior, or firearm possession.

"

"

"

"

"

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion in Limine (#64) is **GRANTED in part** and **DENIED in part.**

Dated this 6th day of July, 2018.

Kent J. Dawson
United States District Judge